(No. 75-CV-137— )

ELIZBIETA POMIANOWSKA, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed April 15, 1975.*

ELIZBIETA POMIANOWSKA, Claimant, pro se.

WILLIAM J. SCOTT, Attorney General, for Respondent.

PER CURIAM.

This claim arises out of a criminal offense that occurred on July 11, 1974, at Ashland and Chicago Avenues, Chicago, Illinois. Elizbieta Pomianowska seeks payment of compensation pursuant to the provisions of the "Crime Victims Compensation Act," (*Ill. Rev. Stat., 1973, Ch. 70, §71, et seq.*) (hereafter referred to as the "Act").

This Court has carefully considered the application for benefits submitted on the form prescribed and furnished by the Court; and a report of the Attorney General of the State of Illinois which substantiates matters set forth in the application. Based upon these documents and

other evidence submitted before the Court, the Court finds as follows:

1. That the claimant, Elizbieta Pomianowska, age 30, was a victim of a violent crime as defined in §2(c) of the Act, to wit:

"Battery". (*Ill. Rev. Stat., 1973, Ch. 38, §12-3*).

2. That on July 11, 1974, at approximately 4:30 p.m., the claimant got off a CTA bus at the corner of Ashland and Chicago. As she proceeded down Ashland Ave., she was struck from behind on the head by an unknown assailant. The claimant fell to the ground and the assailant grabbed a small change purse that she was carrying and fled in an unknown direction.

The claimant got to her feet and walked home. Later that evening, the claimant began to feel dizzy and a friend drove her to Illinois Research Hospital. The hospital officials called the police and reported the crime.

A further and more detailed summary of the facts and information considered by the court is contained in the Investigatory Report prepared by the Attorney General. A copy of said report is retained in the Court's file in this matter and the facts as reported therein are incorporated in this opinion by reference.

3. That statements, taken by the police investigators shortly after the crime was committed, present no evidence of any provocation by the claimant for the attack upon her.

4. That the criminal offense was reported to law enforcement officials, as soon as possible under the circumstances, and claimant has cooperated with their requests for assistance, but has had difficulty in understanding police requests, as she does not speak or

understand the English language. The claimant could not identify her assailant and no arrests have been made in connection with this criminal offense.

5. That the claimant and her assailants were not related nor sharing the same household.

6. That claimant seeks compensation under the Act for medical expenses and lost wages.

7. That as the result of this incident, the claimant was hospitalized on two occasions: Illinois Research Hospital: July 1, 1974, to July 6, 1974. St. Mary's Hospital: July 30, 1974, to August 16, 1974. She was treated for a severe cervical spine sprain.

That as the result of this medical treatment, the claimant incurred hospital and medical expenses, as follows:

| | |
|---|---|
| Hospital | $3,091.73 |
| Doctors | 604.40 |
| | $3,696.13 |

8. That claimant was unable to work from July 1, 1974, until July 14, 1974, and from July 30, 1974, to September 29, 1974, (104 days). That claimant was employed at the Commonwealth Edison Company in Chicago, where she earned $439.16 per month before her injury. That claimant's loss of earnings during her disability was $1,502.80, less disability benefits of $970.20, or $532.60. That claimant's loss is less than the statutory maximum and therefore compensable.

9. That based upon the calculations set forth in §7 & 8, claimant's pecuniary loss is:

| | |
|---|---|
| Medical | $3,696.13 |
| Loss of Earnings | 532.60 |
| | $4,228.73 |

10. That the claimant received insurance benefits from Commonwealth Edison's group policy in the amount of $3,008.54 and is not entitled to additional compensation therefrom.

That in determining the amount of compensation to which a claimant is entitled, §7(d) of the Act states that this Court—

"(d) . . . shall deduct $200 plus the amount of benefits, payments or awards, payable under the 'Workmen's Compensation Act,' or from local governmental, State or Federal funds or from any other source . . ."

That after the statutory deduction of $200, plus the insurance benefits of $3,008.54, the amount of compensation to which the claimant is entitled is $1,020.19.

It Is Hereby Ordered that the sum of $1,020.19 be awarded the claimant Elizbieta Pomianowska, the victim of a violent crime.

It Is Further Ordered that the sum of $999.99 (Nine Hundred Ninety-Nine Dollars and Ninety-Nine Cents) be paid immediately from the Court of Claims Fund to Elizbieta Pomianowska as partial payment on the total amount of this award, and that the balance of the award due the claimant in the sum of $20.20 be referred forthwith to the General Assembly for its approval.